# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| RYAN M. WILLIAMS, | : | |
| Plaintiff, | : | |
| vs. | : | CA 13-0615-CG-C |
| CAROLYN W. COLVIN, | : | |
| Acting Commissioner of Social Security, | | |
| | : | |
| Defendant. | | |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on the Commissioner's unopposed motion to reverse and remand this action pursuant to sentence four of 42 U.S.C. § 405(g) (*see* Doc. 17), filed June 17, 2014.[1]

In her motion, the Acting Commissioner represents that it is her belief that this case should be remanded for further administrative proceedings (*see id.* at 1):

> The Social Security Administration's Appeals Council has further reviewed the final decision of the Commissioner and has determined that a remand is appropriate. If the Court grants this motion, the Appeals Council would direct the administrative law judge (ALJ) to: afford Plaintiff the opportunity for a new hearing and issue a new decision; considering the entirety of all medical opinions in the record, perform a complete analysis of whether any of Plaintiff's impairments meet or equal any of the Listings at step three of the sequential evaluation process; identify and explain what weight is given to all the medical opinions in the record; and obtain appropriate medical expert and/or consultative examiner evidence with further IQ scoring, as necessary.

(*Id.* at 1-2.)

In light of the foregoing, and the plain language of sentence four of 42 U.S.C. §

---
[1] The Commissioner represents that counsel for the plaintiff has no objections to the relief requested in the motion. (*Id.* at 2.)

405(g) empowering this Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing[,]" it is **RECOMMENDED** that the Commissioner's motion (Doc. 17) be **GRANTED**, and that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 112 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's *factual findings*." *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013) (emphasis in original). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 18th day of June, 2014.

                                  s/WILLIAM E. CASSADY
                                 **UNITED STATES MAGISTRATE JUDGE**